**Elvera Curley, Appellant,**
v.
**Fannie David, Appellee.**
**Decided September 1, 1999**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and *ATTAKAI, Associate Justices (*sitting by designation).

John H. Yazzie, Esq., Kayenta, Navajo Nation (Arizona), for the Appellant; and Leonard Tsosie, Esq., Window Rock, Navazo Nation (Arizona), for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

On July 10, 1997, the Resources Committee ("Committee") of the Navajo Nation Council made a decision to revoke a homesite lease issued several years earlier to Elvera Curley, the Appellant. She appealed the Committee's decision to the Window Rock District Court. Relying on our decision in *PC&M Constr. Co. v. Navajo Nation*, 7 Nav. R. 58 (1993) (Yazzie, Chief Justice, concurring on different grounds), the district court dismissed the appeal ruling that it did not have jurisdiction to review a decision of the Committee. The Appellant brought a further appeal to this Court requesting interpretation of the following statutory language: "Decisions of the Resources Committee shall be final subject to appeal to [the] Navajo Nation Courts." 2 N.N.C. § 695(B)(4) (1995). Do the words "Navajo Nation Courts" in this section mean the district courts or this Court? For the reasons given below, we hold that the words "Navajo Nation Courts," as used in section 695(B)(4), mean the Navajo Nation Supreme Court.

In *PC&M*, the question was whether a provision in the Business and Procurement Act (at 12 N.N.C. § 1509) that provides for appeal of a hearing officer's decision to the "Navajo Nation Courts," means this Court or one of the district courts. We stated that of all the Navajo Nation courts — district courts, family courts, peacemaker courts, and the supreme court — only the last is a court of appeals with rules of civil appellate procedure in place and with judges who specialize in appellate review. In contrast, the trial courts are courts of general jurisdiction, without rules of civil appellate procedure, and specializing in trial litigation. We noted that 7 N.N.C. § 801 allows direct appeals of final decisions

of administrative agencies to this Court if "provided [for] by law." We cited 7 N.N.C. § 302 and noted that this statute provides that this Court "shall have jurisdiction to hear appeals from ... final administrative orders as provided by law." Therefore, we held that the Navajo Nation Supreme Court had sole appellate jurisdiction in that case.

We believe the reasoning of *PC&M* fits the case at bar. Here, as there, a statute provides for appeal of an administrative agency decision "to [the] Navajo Nation Courts" for "a review of the law and not issues of facts." 2 N.N.C. § 695(B)(4). This Court specializes in appellate review, has rules for appeals in place, has a fraction of the caseload of the trial courts, and has been specifically created as a court of review and granted review authority by the Navajo Nation Council. Thus, the district court correctly relied on *PC&M* and dismissed the matter before it for lack of appellate jurisdiction.

The Appellant cites extensively Chief Justice Yazzie's concurrence in *PC&M* to underscore her argument that we should overturn *PC&M* and let the district courts hear appeals of Committee decisions. We are not persuaded. First, the Appellant argues that *PC&M* could be used as persuasive authority to prevent the trial courts from ever being granted appellate jurisdiction. *PC&M*, 7 Nav. R. at 61. We, however, left that matter to the Navajo Nation Council, as the body which provides our courts with their jurisdictions. *Id.* at 60. Second, the Appellant argues that our trial courts should review Committee decisions because under "common law" practice (we assume English common law practice), superior courts had the power to issue writs (which were "appeals") to inferior courts and later to administrative agencies. *Id.* at 61. But that part of Chief Justice Yazzie's concurrence was meant only to discuss the common law history of appeals. He did not recommend that it become a part of our appellate practice or law of the Navajo Nation. Finally, we do not believe, as the Appellant does, that our decision in *PC&M* will create a "conflict with the [Navajo Nation] Council, when it considers the proposed Administrative Procedures Act." *Id.* As we said in *PC&M*, "If the [Navajo Nation] Council wants the trial courts to have appellate jurisdiction, it must expressly say so." *Id.* at 60. We find no reason to disturb the holding of *PC&M*.

We conclude that this Court, and not the district courts, has jurisdiction to hear an appeal of a decision of the Resources Committee of the Navajo Nation Council, pursuant to section 695(B)(4). Accordingly, the Window Rock District Court's decision is affirmed.